Filed 9/21/22  P. v. Graham CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | E078532 |
| Plaintiff and Respondent, | (Super.Ct.No. BAF1801522) |
| v. | OPINION |
| BREION BRESHARD KEY GRAHAM, | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Alan S. Yockelson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant Breion Breshard Key Graham pled guilty to attempted second degree murder and admitted two enhancements. He appealed his judgment. His attorney has filed a brief under the authority of *People v. Wende* and *Anders v. California*[1] informing this court they were unable to identify any errors and asking us to perform an independent review of the record. Based on our independent review of the record, we find no error and affirm.

## I. FACTS

On December 11, 2018, Graham was at Michael P.'s residence along with Joson L. While they were there, Michael P.'s sister and Graham's girlfriend "Zakarriya B." or "Zee," got into a fight outside. Joson was already outside at the time and attempted to break up the fight. Graham then came outside and told Joson, " 'Don't hit her.' " Joson assumed Graham was referring to Zee, and told Graham, " 'Nobody hit her. But if you think somebody hit her, then please, by all means, what do you want to do about it?' " Graham told Joson, " 'Let's go to the back.' " However, after a minute or so, Joson decided not to go to the back and instead tried calling someone. As soon as he did, Graham ran up to him and stabbed him.[2]

---

[1] *People v. Wende* (1979) 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738.

[2] These facts are taken primarily from the preliminary hearing transcript.

On September 30, 2019, the Riverside County District Attorney charged Graham with attempted second degree murder. (Pen. Code, §§ 664/187, subd. (a).)[3] The district attorney also alleged two enhancements: that Graham personally inflicted great bodily injury (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)) and personally used a deadly and dangerous weapon (§§ 12022, subd. (b)(1), 1192.7, subd. (c)(23)). Graham pled guilty just over a week later on October 9, 2019. Under his plea agreement, Graham would be sentenced to an aggregate term of 13 years in state prison, composed of the upper term of nine years for the attempted murder, three years for the great bodily injury enhancement, and one year for the weapon enhancement. Graham waived his right to appeal in his plea agreement. In pleading guilty in court, Graham admitted that he attempted to kill another person with a knife and caused great bodily injury.

On January 3, 2020, the day of his sentencing, Graham made an oral motion to withdraw his plea, and the court denied the motion after hearing from both Graham and his attorney outside the presence of the prosecution. The court then pronounced judgment according to the terms of the plea deal and also imposed certain fines, fees, and assessments.

Graham's trial counsel failed to file a timely notice of appeal. However, Graham successfully brought a petition for writ of habeas corpus to allow him to file a notice of appeal. (See *In re Graham* (Feb. 1, 2022, E076779) [nonpub. opn.] [2022 Cal.App. Unpub. Lexis 626; 2022 WL 292267].) He filed his notice of appeal, including a request

---

[3] Undesignated statutory references are to the Penal Code.

for certificate of probable cause, on February 15, 2022.  The court granted his request for certificate of probable cause the next day.

## II. ANALYSIS

We appointed counsel to represent Graham on appeal, and counsel has filed a brief under the authority of *People v. Wende* and *Anders v. California*, setting forth a statement of the case and a summary of the facts and asking us to conduct an independent review of the record.  Counsel's brief did not raise any potential issue for our consideration.  We offered Graham an opportunity to file a personal supplemental brief, and he has not done so.

We have independently reviewed the record for potential error as required by *People v. Kelly* (2006) 40 Cal.4th 106 and find no arguable error that would result in a disposition more favorable to Graham.

## III. DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
J.

We concur:

CODRINGTON _____
Acting P. J.

SLOUGH _____
J.

4